IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEAL A. HILL, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 3:25-CV-41-B-BK |
| | § | |
| TANESH WILLIAMS, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 10. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

## I. BACKGROUND

On January 7, 2025, Plaintiff Micheal A. Hill, a former state inmate, filed a complaint under 42 U.S.C. § 1983 against Dallas Parole Officers Tanesh Williams, Janet Doyal, Anthony Williams, and Stormi Gordon, and an unidentified hearing officer. Doc. 3 at 3. Hill's complaint and memorandum, as supplemented by his answers to the magistrate judge's questionnaires, lack clarity. Doc. 3; Doc. 4; Doc. 16; Doc. 18.

As best as the Court can glean, Hill asserts that Defendants violated his constitutional rights when they conspired to revoke his parole at a January 4, 2023 hearing. Doc. 4 at 1. Hill alleges that he has a liberty interest in parole and a constitutional right to be notified of any

decision to revoke his parole. Doc. 4 at 1, 4. At bottom, Hill fears that a blue warrant (or parole revocation warrant) was issued and that he will eventually be arrested. Doc. 4 at 3-4. He asserts that Defendants' failure to notify him of a decision by the Board of Pardons and Parole has caused him mental anguish, anxiety, rage, and suicidal thoughts. Doc. 3 at 3. Hill requests that any blue warrant be lifted and a certificate of parole completion be issued instead, and that he be awarded $100,000 in damages for mental pain and suffering. Doc. 3 at 4; Doc. 16 at 11.

In his answers to the magistrate judge's questionnaires, Hill explains that he was summoned to appear at a preliminary/revocation hearing on January 4, 2023, for failing to report as directed by his parole officer. Doc. 16 at 1, 13; Doc. 16 at 16 (Violation Report). At the hearing, Hill told the hearing officer that he could not report because he lacked the funds for a bus ticket and had asked his parole officer for a bus pass, to no avail. Doc. 4 at 19. According to Hill, the parole officer nevertheless recommended issuing a warrant, and the hearing officer informed Hill that he would "receive the board['s] decision in about 4 to 6 weeks." Doc. 16 at 1-2.

Hill avers he received no further communication or decision from the Board of Pardons and Parole, the Dallas Parole Office, or his parole officer. Hill allegedly called the Dallas Parole Office nn February 14, March 14, and April 14, 2023, and learned (1) he had been assigned a new parole officer, although no name was given, and (2) he was "suppose[d] to be in ISF" because "the board violated [him]." Doc. 4; Doc. 18 at 4. Again, Hill fears that a parole revocation warrant was issued without his knowledge and that he will ultimately be stopped and arrested. Doc. 16 at 3. He also worries that he may be accused of being an absconder because he has not reported since the January 2023 hearing. Doc. 18 at 4. Lastly, Hill states that he was

due to discharge his parole on September 24, 2023, but has not received a certificate of parole completion.  Doc. 16 at 2-3; Doc. 18 at 1-4.

**II. ANALYSIS**

Because Hill is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of an action if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  An action lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Hill's complaint is frivolous and fails to state a claim.

To the extent Hill is suing Defendants in their official capacities for violations of his Constitutional rights, Texas parole officers are considered agents of the state and immune from such suit under the Eleventh Amendment.  *See McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995) (per curiam) ("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity.").  *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state

official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Further, Defendants are entitled to absolute immunity from liability in their individual, prosecutorial capacities "for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *see Hulsey v. Owens,* 63 F.3d 354, 356-57 (5th Cir. 1995) (failure to timely provide a copy of parole-revocation officer's findings is conduct protected by absolute immunity). Defendants also enjoy absolute immunity for actions taken when personally participating in revocation hearings. *See McGrew*, 47 F.3d at 161; *see also Woods v. Chapman,* 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam) (concluding parole officials were absolutely immune from suit for damages arising from proceedings to revoke or change conditions of parole).

Because Defendants are immune from suit in both their official and individual capacities, this action lacks any plausible legal basis and should be dismissed.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Considering the legal theories and facts Hill posits in support of his claims, he clearly cannot state a plausible legal claim. In addition, the Court has already permitted him to supplement his complaint by his answers to the magistrate judge's questionnaires. Thus, the Court concludes that Hill has already pled his best case and granting further leave to amend would be futile and cause needless delay.

**IV. CONCLUSION**

For all of the foregoing reasons, this action should be **DISMISSED WITH**

**PREJUDICE** as frivolous and for failure to state a claim.  See 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on May 13, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).